UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT DONATO CASSANO,

      Plaintiff,

v.                                          CASE No. 8:12-CV-714-T-TGW

CAROLYN W. COLVIN,[1]
Commissioner of Social Security,

      Defendant.

_____

O R D E R

      The plaintiff in this case seeks judicial review of the denial of his

claim for Social Security disability benefits.[2]  Because the decision of the

Commissioner of Social Security is supported by substantial evidence and the

plaintiff has not shown any reversible error, the decision will be affirmed.

_____

      [1]On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of
Social Security and should, therefore, be substituted for Commissioner Michael J. Astrue
as defendant in this action.  See 42 U.S.C. 405(g); Fed.R.Civ.P. 25(d).

      [2]The parties have consented in this case to the exercise of jurisdiction by a United
States Magistrate Judge (Doc. 17).

I.

The plaintiff, who was forty-six years old at the time he was last insured for disability benefits and who has the equivalent of a high school education, has worked most relevantly as the owner and operator of a pizza restaurant (Tr. 39, 120). He filed a claim for Social Security disability benefits, alleging that he became disabled due to lower back problems, leg problems, nerve damage, and depression (Tr. 139). The claim was denied initially and upon reconsideration.

At his request, the plaintiff then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff was last insured for disability benefits on December 31, 2005 (Tr. 21). He concluded that, at that time, the plaintiff had severe impairments of lumbar degenerative disc disease and post laminectomy syndrome/radiculopathy (id.). The law judge determined further that, as of December 31, 2005, the plaintiff had the residual functional capacity to perform a wide range of medium work (Tr. 23). He found, in particular (id.):

> [The plaintiff] could walk, stand, and sit for up to
> 6 out of 8 hours each per day, and could frequently
> climb, balance, stoop, crouch, and crawl. He had

no limitations in his ability to push-pull with hand
or foot controls, and had no manipulative, visual,
auditory or communicative limitations. He had no
environmental limitations, except he should avoid
ladders and unprotected heights. He could hear,
understand, remember and carry out simple routine
and complex work instructions, and could interact
appropriately with co-workers, supervisors and the
general public.

The law judge ruled that, with these limitations, the plaintiff was capable of

performing past relevant work as a cook and restaurant manager (Tr. 27).

Consequently, the law judge decided that the plaintiff was not disabled

through his date last insured (Tr. 28). The Appeals Council let the decision

of the law judge stand as the final decision of the Commissioner.

## II.

In order to be entitled to Social Security disability benefits, a

claimant must be unable "to engage in any substantial gainful activity by

reason of any medically determinable physical or mental impairment which

... has lasted or can be expected to last for a continuous period of not less

than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental

impairment," under the terms of the Social Security Act, is one "that results

from anatomical, physiological, or psychological abnormalities which are

-3-

demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3). The Act provides further that a claimant is not disabled if he is capable of performing his previous work. 42 U.S.C. 423(d)(2)(A). In this case, also, the plaintiff must show that he became disabled before his insured status expired on December 31, 2005, in order to receive disability benefits. 42 U.S.C. 423(c)(1); Demandre v. Califano, 591 F.2d 1088, 1090 (5th Cir. 1979), cert. denied, 444 U.S. 952.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

The plaintiff injured his back in June 1984 while working as an electrician (Tr. 264). He has reported back pain since that time. In September 2007, the plaintiff underwent a lumbar laminectomy and

diskectomy (Tr. 444). The plaintiff subsequently stated that the operation did not improve his condition.

Despite the plaintiff's back problem, he has worked since the 1984 injury. Most pertinently, he owned and operated a pizza restaurant from April 1991 to April 2002 (Tr. 120), where his duties included being a cook (Tr. 140). As indicated, the law judge concluded that the plaintiff was not disabled because he could return to past work as a cook and restaurant manager.

The plaintiff challenges the law judge's decision on two grounds. Thus, the plaintiff contends that the law judge erred by failing to give adequate weight to the opinion of a treating physician, Dr. Rakesh P. Shah (Doc. 19, p. 7). In a related contention, the plaintiff asserts that, in light of Dr. Shah's opinion, the law judge erred by not obtaining testimony of a vocational expert. Both arguments fail.

Unfortunately for the plaintiff, he must show that he was disabled between February 8, 2004, the alleged disability onset date (Tr. 99), and December 31, 2005, the date last insured. Thus, if, as it appears, the plaintiff's condition worsened after that date, his subsequent condition will

not support an award of benefits. Consequently, although the record contains much evidence that either pre-dates or post-dates the pertinent period, that evidence is relevant only to the extent it sheds light on the plaintiff's condition during the period.

The plaintiff argues, first, that the law judge erred because he did not give adequate weight to the opinion of Dr. Shah, a treating neurologist. On April 2, 2009, more than three years after the date last insured, Dr. Shah filled out a document styled "Chronic Pain Residual Functional Capacity Questionnaire" (Tr. 667).   On the form, Dr. Shah listed diagnoses of "Lumbosacral Neuritis NOS"; "Lumb/Lumbosac Disc Degen"; and "Lumbar Disc Displacement" (id.).   With respect to the questions concerning Prognosis, Clinical Findings and Symptoms, Dr. Shah simply wrote "See Notes" (Tr. 667-68).  Dr. Shah opined the plaintiff's symptoms constantly interfere with his attention and concentration (Tr. 670).  He opined further that the plaintiff cannot walk a city block and can only sit or stand for ten minutes each at a time (Tr. 671).  When asked to indicate how long the plaintiff can sit and stand/walk in an eight-hour day, Dr. Shah wrote "can't do" (id.).  Further, when asked if the plaintiff would need to take unscheduled

breaks during an eight-hour workday, Dr. Shah wrote "can't work" (Tr. 672).

He also indicated that the plaintiff could only lift and carry less than ten

pounds occasionally (id.). In addition, when asked how often the plaintiff

would be absent from work, Dr. Shah answered "all the time" (Tr. 674).

Apparently recognizing that Dr. Shah's questionnaire did not

address the relevant period, plaintiff's counsel sent Dr. Shah a letter which

stated (Tr. 743):

> If you feel that Mr. Cassano's condition and
> limitations have been the same as indicated in your
> Chronic Pain Residual Functional Capacity
> Assessment within a reasonable degree of medical
> certainty from February 2005 to present, please
> sign and date the acknowledgment below and
> promptly return it to our office in the enclosed
> envelope.

On December 30, 2009 – virtually four years after the date last insured – Dr.

Shah signed and dated the letter, and returned it (id.).

Opinions from treating physicians are entitled to substantial or

considerable weight unless there is good cause for not giving them such

weight. Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). Good

cause exists when the treating physician's opinion is not bolstered by the

evidence, the evidence supports a contrary finding, or the opinion is conclusory or inconsistent with the physician's own medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

The law judge expressly considered Dr. Shah's questionnaire and evaluated it (Tr. 26). The law judge stated: "Little weight is accorded this opinion as, for the period at issue, Dr. Shah saw the claimant only in February and March 2005 for nerve studies and shortly thereafter in April 2006, and the opinion is not supported by the objective medical evidence of record, as just described, or even Dr. Shah's own notes for these visits" (id.). These reasons support the law judge's determination to discount Dr. Shah's opinion.

Prior to stating this conclusion, the law judge had discussed the pertinent medical evidence in detail (Tr. 24-25). He then said that the relevant evidence regarding the period at issue "documents consistently negative lumbar and lower extremity examinations by Dr. [Narendra] Patel from April to August 2004, Dr. [Michael] Solomon from July to December 2004, Dr. [Ganesh] Chari in January 2005, Dr. Shah in February and March 2005, Dr. [Mahender] Reddy in February 2006, and Dr. [David] Columbus in April 2006, and even later by Dr. [John] Lozano in March 2007" (Tr. 26).

The plaintiff has not challenged this assessment of the medical evidence nor the conclusion that Dr. Shah's opinion was not supported by the objective medical evidence of record (Doc. 19, pp. 7-9).

Furthermore, the law judge added that "the opinions [from the various doctors] provide no specific restrictions or limitations" (Tr. 26). Dr. Shah, in particular, set forth no functional limitations in his notes from 2005 or April 2006. In fact, it was not until October 2008 that Dr. Shah first expressed a functional limitation for the plaintiff (compare Tr. 660, 665). Even then, the only limitation was not to lift more than five to ten pounds; there was no limitation regarding sitting, standing, or walking (Tr. 660).

In discounting Dr. Shah's questionnaire, the law judge also said that Dr. Shah's own notes from 2005 and April 2006 do not support his opinions. Significantly, Dr. Shah opined extreme limitations. Thus, he said, for example, that the plaintiff could not sit or stand for more than ten minutes each and could not walk a city block. The law judge could reasonably conclude that Dr. Shah's notes from 2005 and April 2006 do not support such extreme limitations.

The plaintiff does not point to any notes from that period that would support such limitations, much less compel them. See Adefemi v. Ashcroft, supra. Rather, he simply makes the conclusory assertion that "Dr. Shah's opinion is supported by his own objective testing and personal examination of the Plaintiff" (Doc. 19, p. 9). The plaintiff cites no findings by Dr. Shah which support this assertion. This failure violates the scheduling Order, which required the plaintiff to support his contentions "by citations to the record of the pertinent facts" (Doc. 15, p. 2). Consequently, the law judge's conclusion that Dr. Shah's notes from 2005 and April 2006 do not support his opinion of extreme limitations is unrefuted.

Significantly, Dr. Shah's questionnaire was devoid of any meaningful explanation or justification for the limitations. The conclusory nature of that document is, by itself, sufficient basis to discount it. Lewis v. Callahan, supra, 125 F.3d at 1440.

Moreover, the attempt on December 30, 2009, to relate the opinions in the April 2009 questionnaire back to the period on, or before, December 31, 2005, is totally devoid of any explanation. A justification for that opinion was clearly required in light of statements in Dr. Shah's later

-11-

notes indicating that the plaintiff's condition had worsened.  Thus, a note of October 16, 2008, stated that a February 2008 MRI "shows more severe herniated disc compare[d] to the previous MRI" (Tr. 654).  On January 19, 2009, Dr. Shah noted, "[t]he patient came to my office after having NCV and EMG test, which is much worsen [sic] than in 2005 test" (Tr. 657).  Also, Dr. Shah reported on November 11, 2009, that the plaintiff has "a history of significant lower back pain radiating in both LE's getting worse" (Tr. 733).  Accordingly, the law judge could clearly discount Dr. Shah's conclusory assent to the assertion that the plaintiff's condition in 2009 related back to the end of 2005.

On this issue, the plaintiff may be objecting to the law judge giving substantial weight to the opinion of Dr. Thomas F. Renny, a nonexamining reviewing physician, who concluded that the plaintiff could perform medium exertional work (Tr. 361).  The law judge said he gave substantial weight to Dr. Renny's opinion because it was well supported by the relevant medical evidence (Tr. 26).  The plaintiff has also not challenged that determination.  Consequently, where, as here, the law judge has properly discounted the opinion of a treating physician (and there are no other opinions

regarding the plaintiff's functional limitations from a treating or examining doctor), the law judge could appropriately give substantial weight to the opinion of a nonexamining reviewing physician, who, under the regulations, is considered an expert in Social Security disability evaluation. Oldham v. Schweiker, 660 F.2d 1078, 1086 (5th Cir. 1981); Milner v. Barnhart, 275 Fed. Appx. 947, 948 (11th Cir. 2008); 20 C.F.R. 404.1527(e)(2)(i).

The plaintiff complains that, since the law judge accepted Dr. Renny's opinion, he should have also accepted his comment that "claimant is credible" (Doc. 19, p. 10). However, since Dr. Renny submitted his assessment on March 24, 2005 (Tr. 366), he obviously was not commenting on the plaintiff's testimony at the administrative hearing on January 11, 2010. Rather, Dr. Renny was simply indicating that, insofar as the record in March 2005 reflected statements from the plaintiff, they were credible to the extent they were consistent with the ability to perform medium exertional work.

The plaintiff's second issue essentially depends upon success on the first issue. The plaintiff argues that the law judge should have obtained testimony from a vocational expert based on the plaintiff's need for a cane and an inability to lift more than ten pounds. These limitations, however,

were based on the opinion from Dr. Shah. The law judge, as previously discussed, reasonably rejected that opinion. Consequently, he did not find that the plaintiff had limitations regarding use of a cane or an inability to lift more than ten pounds.

Moreover, the plaintiff does not rely upon any evidence beside the opinion of Dr. Shah in support of his contention that testimony from a vocational expert was required. Therefore, this second issue falls along with the first.

It is appropriate to add, in light of the argument regarding lifting, that the law judge pointed out that, even if the plaintiff were restricted to light work, which has a lifting limit of twenty pounds, he could still return to past work as a restaurant manager (Tr. 26, 28). Thus, the plaintiff would still be found not disabled if he were limited to light work, as two nonexamining reviewing doctors subsequently opined (Tr. 541, 591).

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner of Social Security is hereby **AFFIRMED**.  The Clerk shall enter judgment in accordance with this Order and **CLOSE** this case.

DONE and ORDERED at Tampa, Florida, this 31st day of May, 2013.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE